879 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lisa Sheally AKE, Administratrix of the Estate of David S.
Ake, Jr., deceased, Plaintiff-Appellee,
v.
The BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellant.
 No. 88-2571.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 9, 1989.
Decided: July 17, 1989.
 
 Ransom J. Davis (H. Russell Smouse, Nancy S. Allen, Melnicove, Kaufman, Weiner, Smouse & Garbis, P.A.; James L. Sanderlin, McGuire, Woods, Battle & Boothe, on brief), for appellant.
 Lawrence Alan Katz (Joseph A. Coffey, Jr., Coffey & Kaye, on brief), for appellee.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lisa Sheally Ake ("plaintiff"), administratrix of the estate and widow of David Samuel Ake ("Ake"), successfully prosecuted this action seeking recompense for the economic losses occasioned by her husband's death.[1] Defendant, The Baltimore & Ohio Railroad Company ("B & O"), appeals for a new trial, arguing that the district court mismanaged certain theories and evidence. We find insufficient warrant for a new trial, and affirm.
 
 I.
 A.
 
 2
 On the night of November 4, 1985, Ake, a B & O fireman, was serving as one of a five-man crew on a 135-car freight train traveling from Cumberland, Maryland, to Grafton, West Virginia. Ake, the head brakeman, and the engineer rode in the first of the four engine cars, while the flagman and conductor rode in the caboose. About five miles into the 17-Mile grade, a particularly steep stretch of the run, an alarm in the lead engine warned of trouble in the third, unmanned, engine. Ake was sent out to address the problem.
 
 
 3
 Ake left the lead engine during a heavy rain, a rain that had been almost continuous for the past 15 1/2 days. As the train started up the 17-Mile grade at about 7:30 P.M., water was running rapidly and level with the tracks through the drainage ditch that ran between the tracks and the mountainside. Darkness, rain, and fog impeded visibility, and the conductor feared a washout that could derail the train.[2]
 
 
 4
 Ake left the lead engine at about 8:00 P.M. Approximately fifteen minutes later, the train, having travelled between two and four miles farther, crossed a section of washed out track. The second and third engines derailed and plummeted some 300 feet down the mountain. B & O recovery crews reached the derailed engines the next morning, and found Ake's body still in the third engine.
 
 B.
 
 5
 We now recount briefly the incidents B & O contends require a new trial. One of plaintiff's theories at trial was that the conductor and engineer had been negligent in failing to halt the train before it reached the point of derailment. B & O believes this theory sprang into the case at trial, in derogation of the pretrial order and of its ability effectively to respond.[3] Two of plaintiff's experts delivered testimony over B & O's objections. Dr. Paul Snow, the pathologist who had autopsied Ake's corpse, testified somewhat graphically about his conduct of the autopsy and the manner of Ake's death, which resulted from suffocation on vomitus. Economist Jerome Staller testified to Ake's loss of earnings for several projected retirement ages. At the close of trial, the court refused B & O's request for a contributory negligence instruction. B & O's theory was that Ake, though without authority to stop the train, ought to have warned his superiors of the dangerous track conditions and, perhaps, pressed for a halt.[4]
 
 II.
 
 6
 We find no basis in any of B & O's arguments to order a new trial. We accordingly affirm on the basis of the district court's opinion denying B & O's post-trial motions. Ake v. The Baltimore & Ohio R.R. Co., CV No. JH-86-364 (D.Md. June 2, 1988).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Plaintiff commenced suit in the Eastern District of Pennsylvania, from which the case was soon transferred to the District of Maryland. Plaintiff originally alleged federal subject matter-jurisdiction under provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Sec. 51 et seq., the Federal Safety Appliance Act, 45 U.S.C. Sec. 2 et seq., and the Federal Boiler Inspection Act, 45 U.S.C. Sec. 22 et seq. Claims under the latter two statutes were dismissed prior to trial, and this appeal involves only the FELA claims
 
 
 [2]
 B & O operating rule 106 states that the conductor is in primary charge of a train crew, with the engineer as the second in command
 
 
 [3]
 Plaintiff's theory of negligence as outlined in the pretrial order was that B & O had negligently designed and maintained the track system along the 17-Mile grade, and had then negligently sent Ake along the grade while on notice that the heavy rains increased the hazard. Plaintiff contends that her evidence at trial bore on these theories as well. Because the district court had discretion to construe its pretrial order as embracing a theory of crew negligence, and because B & O did not, in any event, object to Ake's pursuit of the theory, we need not decide on which theory or theories Ake seems in fact to have proceeded
 
 
 [4]
 Though the parties, and many authorities, refer to the FELA, 45 U.S.C. Sec. 53, as containing a contributory negligence provision, the statute actually provides for a form of comparative negligence, allowing as it does for jury reduction of damages in proportion to the employee's negligence. The court gave no comparative negligence instruction